# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## JULY TERM, 1876.

[No. 4883.]

### THE PEOPLE v. JOHN CARRICK.

WHEN PATENT FOR STATE LAND IS VOID.—If two parties each apply to the Surveyor-General to purchase land belonging to the State, and a contest arises between them in the State Land Office as to which has the right to purchase the land, and the Surveyor-General, under the statute, orders the contest to be referred to a District Court for trial, and one of the parties brings suit in the court to obtain its judgment as to which has the best right to purchase the land, the State officers have no power to issue a patent for the land to either of the parties until the proceedings in the court have terminated, and a copy of the judgment is filed in the State Land Office.

IDEM.—A patent issued in such case, before the proceedings in the court have terminated, is void, and may be annulled at the suit of the State, even if the patentee has conveyed to an innocent purchaser.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Clara.

On the 19th day of September, 1864, D. S. K. Buick applied to the State Land Office to purchase the south half of the southeast quarter of section thirty-six, in township five south, range one east, Mount Diablo meridian. On the 11th

day of September, 1868, Samuel J. Sherman filed in said office an application to purchase the east half of said land, and, at the same time, filed a protest against the issuance of a patent to Buick, and demanded that it be referred to the District Court of Santa Clara County for trial. On the 14th of September following, the Surveyor-General made an order directing the contest to be referred to the District Court for the county of Santa Clara for trial. At this time Santa Clara was in the third judicial district, but before the final trial the district had been divided and Santa Clara had been placed in the twentieth district. On the 20th of November following, Sherman commenced, in said court, an action to obtain its judgment as to which had the best right to purchase. On the 6th day of January, 1869, the State officers issued to Buick a patent for the land, which was, on the 9th day of February, 1869, recorded in the office of the recorder of the county of Santa Clara. On the 9th day of April, 1872, Buick, for a valuable consideration, sold and conveyed the land to A. Anderson, and Anderson, on the 3d day of January, 1874, conveyed to Carrick. On the 30th day of May, 1874, the People, by John L. Love, the Attorney-General, commenced this action to annul the patent to Buick. At the time of the trial of this action, the case of *Sherman* v. *Buick,* concerning the right to purchase the land, was pending and undetermined. The case of *Sherman* v. *Buick,* reported in 45 Cal. 656, will throw some light on this controversy. The latter case has been taken to the Supreme Court of the United States by a writ of error. In this case the court rendered judgment for the defendant, and the plaintiff appealed.

The statutes of the State concerning the sale of State lands provide that in all cases where a contest shall arise before the Surveyor-General, concerning the approval of a survey or location, or concerning a certificate of purchase or other evidence of title before the register, the officer before whom the contest arises, when the question involved shall be, in his opinion, one of law, or when either party shall demand a trial in the courts, shall make an order re-

ferring such contest to the District Court of the county in
which the land is situated, and that, when such reference is
made, either party may bring an action in the District Court
of the county to determine such contest.  An action was
brought under said act, which was pending when this suit
was commenced.

*George A. Nourse,* for the Appellant.

It was fatal to the validity of the patent, that it should
issue while the suit was pending between Buick and Sher-
man, to decide the contest between them as applicants for
the land patented.

The very question to be settled in the suit pending was,
which application should the State Surveyor-General ap-
prove?  This action was brought under section 17 of the
State Land Act of March 28, 1868 (Laws of 1867–8, p. 511).

It was only upon filing with the Surveyor-General a copy
of the final judgment of the court to which the contest was
referred, that that officer could give his approval of the
survey or location.  Not even a certificate of approval or
purchase (much less a State patent), could issue to either
applicant lawfully until the court should decide which of
them was entitled to purchase the land.

*Thomas Bodley and James H. Campbell,* for the Respondent.

If a patent is in all respects regular and good upon its
face, and there has been no irregularity or mistake which a
statute has expressly declared fatal, then if it has improperly
issued, it is voidable only and not void.  (*Jackson* v. *Lawton,*
10 John. 22; *People* v. *Mauran,* 5 Denio, 398; *Jackson* v.
*Hart,* 12 John. 77.

Moreover, any defects in the preliminary steps required
by law to be taken, are held in *Hoofnagle* v. *Anderson* to be
cured by the patent.  (*Hoofnagle* v. *Anderson,* 7 Wheat.
\*215.)

The State employs her own officers, and the responsibility
for the skillful and proper discharge of their official duties
should not fall on individuals.  Accordingly, it was held in
a case where the applicant to purchase was blameless, but

the negligence of the State officers had made the preliminary steps defective, that the patent was not to be disturbed. (*Nelson* v. *Sims*, 23 Miss. 383.)

By the Court, McKINSTRY, J.:

This is a bill to vacate and annul a patent for lands issued by the authorities of the State to one Buick, grantor of defendant.

Previous to the date of the patent, the said Buick, and one Sherman, had applied for the land; a contest had arisen between them in the State Land Office; the Surveyor-General had ordered a reference of the contest to the Third District Court for Santa Clara County, and in accordance with said order, Sherman had brought his action in that court. This action was pending and undetermined when the patent was issued.

No officers of the State had power to issue the patent until the proceedings in the Third District Court had been terminated. (Stats. 1867–8, p. 511.)

It is said that defendant was a purchaser in good faith. But the patent was void, and the doctrine of purchasers for a valuable consideration, without notice, under the registry acts, had no application.

Judgment reversed, and cause remanded for a new trial.